Alan E. Engle (SBN 224779)
aengle@cbcounselor.com
Benjamin Stolter (SBN 269388)
bsolter@cbcounselor.com
Chunbaixue "Jessie" Yang (SBN 348267)
jessie.yang@cbcounselor.com
Cross-Border Counselor, LLP
1115 Seal Way
Seal Beach, CA 90740
Telephone: (310) 428-6985

Attorneys for Plaintiffs, VEVOR TECHNOLOGY, LLC and
SHANGHAI SISHUN E-COMMERCE CO., LTD.

# UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEVOR TECHNOLOGY, LLC; and SHANGHAI SISHUN E-COMMERCE CO., LTD <br><br> Plaintiffs, <br> v. <br><br> BAC INDUSTRIES, INC. <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Vevor Technology, LLC and Shanghai Sishun E-Commerce Co., Ltd. (collectively, "Vevor") seek a declaration that they do not infringe United States Patent No. 7,845,670 ("the 670 patent") and that the '670 patent is invalid. Declaratory judgment defendant BAC Industries, Inc. ("BAC") has effectively asserted the '670 patent against Vevor by filing takedown demands with Amazon.com to delist Vevor's trailer dolly products from its online marketplace.

## JURISDICTION AND VENUE

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and under the patent laws of the United States, 35 U.S.C. § 1 et seq.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), § 1338 (patent and unfair competition), and § 2201(a) (declaratory judgment).

3. This Court has personal jurisdiction over defendant BAC Industries, Inc. because BAC has purposefully directed activities against Vevor within this district and undertaken intentional actions expressly aimed at Vevor in this district. On information and belief, BAC has also transacted substantial business within this district.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (3), because BAC's infringement allegations have given rise to Vevor's claims within this district and affected property within this district.

5. An immediate, real, and justiciable controversy exists between Vevor and BAC as to whether Vevor is infringing or has infringed the '670 patent and whether the '670 patent is valid and enforceable.

## THE PARTIES

6. Vevor is a global e-commerce brand founded in 2007 that specializes in providing an affordable selection of tools, machinery, and equipment for DIY enthusiasts and professionals. It sells its products at

COMPLAINT FOR DECLARATORY JUDGMENT

Amazon.com, its Vevor.com store, other online retailers, and brick-and-mortar stores. Plaintiff Vevor Technology, LLC is a corporation organized and existing under the laws of California, with its principal place of business at 9166 Anaheim Pl, Suite 250, Rancho Cucamonga, CA 91730. Plaintiff Shanghai Sishun E-Commerce Co., Ltd. is a Chinese corporation with its principal place of business in Shanghai, China.

7. BAC Industries, Inc. is a U.S. and global manufacturer and distributor of consumer and industrial products for the retail, mail-order, and industrial marketplace. On information and belief, BAC Industries, Inc. is a Minnesota corporation with its principal place of business at 15067 Spruce Hill Park Rd NE, Miltona, MN 56354. BAC Industries, Inc. is the recorded assignee of U.S. Patent No. 7,845,670.

**NATURE OF THE ACTION**

8. This is an action for a declaratory judgment of noninfringement and invalidity arising under the patent laws of the United States, Title 35 of the United States Code.

9. Vevor requests this relief because BAC, the assignee of record of the '670 patent, has asserted in clear terms that Vevor is infringing the '670 patent by making, using, selling, offering for sale, supplying, or distributing various manual trailer dollies used for the transport and positioning of trailers and vehicles with a trailer hitch, causing their removal from Vevor's Amazon.com store. A true and correct copy of the U.S. Pat. No. 7,845,670 is attached hereto as Exhibit 1.

10. One of the trailer dolly models BAC has accused of infringement is pictured below.

///

///

///

3
COMPLAINT FOR DECLARATORY JUDGMENT

Fig. 1. Vevor 1500 lb Trailer Dolly.

All four of the trailer dolly products BAC has accused of infringement are pictured in Exhibit 2.

11.     BAC's allegations are misplaced because, among other things, Vevor's trailer dolly products do not infringe the '670 patent, the '670 patent is invalid and unenforceable as being directly anticipated and rendered obvious by prior art that existed before the 2008 filing date of the patent.

12.     For example, with respect to infringement, every claim of the '670 patent contains the limitation, "an adjustable [or "vertically adjustable"] hitch operably coupled to the distal end of the main body" of the device. '670 patent, claims 1-17. Vevor's manual trailer dollies do not have an "adjustable hitch". Rather, each of Vevor's dollies has a metal column with an offset hole that

4
COMPLAINT FOR DECLARATORY JUDGMENT

permits selection from among two potential heights during assembly. The column on which the ball hitch is installed is pictured below.



Fig. 2. Vevor 600 lb Trailer Dolly Ball Hitch Assembly.

13.    That Vevor's products can be assembled at two different heights by removal and replacement of the metal column and ball hitch does not render them "adjustable" under the ordinary and customary meaning of the term, much less the narrower sense of "adjustable" used in the '670 patent.

14.    Indeed, the specification and drawings of the '670 patent depict a vertical column with several holes in which a pin can be inserted to conveniently adjust the height of the ball hitch. This can be seen in Figure 1 of the '670 patent.



Fig. 3.  Figure 1 of U.S. Pat. No. 7,845,670.

COMPLAINT FOR DECLARATORY JUDGMENT

15.     This is quite different from the design of Vevor's manual trailer dolly products, which lack such adjustability. As every claim of the '670 patent contains the "adjustable hitch" limitation, Vevor's trailer dollies do not infringe the patent.

16.     On information and belief, BAC did not order and inspect Vevor's trailer dolly products prior to issuing its Amazon takedowns. Such inspection and analysis is generally required of a patentee under Rule 11 to bring a complaint for patent infringement. While Amazon takedown notices are not subject to the Federal Rules of Civil Procedure, their effect can be far more devastating than simply filing a lawsuit, because Amazon does not substantively evaluate claims of patent infringement. So, merely sending a patent infringement takedown notice to Amazon can, as here, operate to institute what is essentially a permanent injunction without notice, bond, or opportunity for a defendant to present its case. This can be ruinous to sellers that rely on their Amazon store as their primary source of revenue.

17.     To avoid the prospect of unwarranted patent takedowns, Amazon provides patent holders the opportunity to engage in its APEX ("Amazon Patent Evaluation Express") program. Under this program, if both parties agree, a neutral is chosen to assess the infringement claim (but not other contentions such as invalidity or unenforceability). Vevor suggested to BAC that the parties engage in Amazon's APEX program and this suggestion was ignored. As a result, Vevor has been forced to institute this lawsuit and seek a declaration of non-infringement.

18.     With respect to invalidity, it should be obvious that trailer dollies were known for many years before the 2008 filing date of the '670 patent. Photographs of trailer dollies that predate the '670 patent by decades are pictures below.

COMPLAINT FOR DECLARATORY JUDGMENT



Fig. 4. Prior Art Trailer Dollies.

19.     Given this prior art, the issue of the invalidity of the '670 patent becomes, among other grounds, whether there were "adjustable" trailer dollies invented or described in a printed publication prior to the filing date of the '670, and whether an "adjustable" trailer dolly would have been obvious to a person of ordinary skill in the art at the time the invention was made.

20.     Trailer dollies from other sources, such as an "adjustable" trailer dolly sold by Tow Tuff and an "adjustable" trailer dolly used by U-haul (of currently undetermined date) suggest that the "adjustable" trailer was either known or obvious as of 2008.

///

///

///

///

COMPLAINT FOR DECLARATORY JUDGMENT



Fig. 5. "Adjustable" trailer dollies sold by third parties.

Further, "adjustable" trailer hitches on vehicles using pins that could be slotted in multiple apertures were well known prior to 2008, and it would have been obvious to sell an "adjustable" trailer dolly to interact with such hitches.

21.    These bases of invalidity are further supported by prior art cited by the patent examiner, including U.S. Patent No. 7,350,790 filed in 2005.



Figure 1

Fig. 6. Prior art "adjustable" vehicle dolly.

COMPLAINT FOR DECLARATORY JUDGMENT

22.     The '790 prior art patent claims an "adjustable" dolly with a "U-shaped" interface. Among other things, the '790 patent notes that, "It will be recognized that other interface devices (e.g., non-U-Shaped devices) may be placed at the distal end of front support post 110 to meet a particular operating circumstance or environment and the invention is not considered limited to the U-shape configuration chosen for purposes of disclosure." '790 patent at col. 4: ln 40-46. That is, the inventor of '790 prior art patent explicitly noted that his invention included other interfaces, such as the universally standard ball hitch, for his "adjustable" dolly.

23.     Nevertheless, BAC demanded that Amazon remove Vevor's product from its marketplace, effectively acting as the judge of its own case and enjoining the sales of its competitor. On information and belief, Amazon lacks the capacity, inclination, and incentive to assess allegations of patent infringement—its customary response is simply to remove the listing and thereby avoid potential liability for contributory or induced infringement. To the extent BAC or its agents, employees, or owners knowingly directed Amazon.com to remove Vevor's product in bad faith on the basis of a patent that was known to be invalid or not infringed, BAC is potentially liable for damages Vevor has sustained and continues to sustain to its business.

24.     In any event, BAC knowingly exploited Amazon's procedures to have Vevor's listings removed based on an invalid and not infringed patent. In doing so, BAC has forced Vevor to seek declaratory judgment from a competent tribunal to remedy the damage caused by BAC's allegations.

25.     For all these reasons, an actual controversy exists between Vevor and BAC regarding the validity and infringement of the '670 patent as a result of BAC's efforts to remove Vevor's Amazon listings for its trailer dolly products.

COMPLAINT FOR DECLARATORY JUDGMENT

**COUNT I**

(Declaration of Non-Infringement of the '670 Patent)

26. Vevor restates and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

27. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

28. BAC claims to own all right title and interest in US Patent No. 7,845,670.

29. BAC has alleged to Amazon.com that various manual trailer dolly products sold by Vevor infringe the '670 patent. The Amazon complaint numbers include at least 18460513551 and 17947341261 and concern the following Amazon Standard Identification Numbers (ASINs): B0DTHDXNFQ (600 lb dolly), B0DTPXNNL8 (1000 lb dolly), B0DTHGKCHR (1200 lb dolly), B0FMK6XSB4 (1200 lb dolly), and B0DTTKFQGX (1500 lb dolly). Pictures of the trailer dollies are attached hereto as Exhibit 2.

30. As a result of BAC's infringement notifications, Amazon suspended the continued sale of Vevor's manual trailer dollies. Takedown notices such as BAC's generate a negative mark on Vevor's Amazon.com account and threaten its ability to continue selling products on the site.

31. A substantial, immediate, and real controversy therefore exists between Vevor and BAC whether Vevor's manual trailer dollies infringe the '670 patent. A judicial declaration is necessary to determine the parties' respective rights regarding infringement of the '670 patent.

32. Vevor seeks a judgment declaring that Vevor's manual trailer dollies infringe do not directly or indirectly infringe the '670 patent.

COMPLAINT FOR DECLARATORY JUDGMENT

**COUNT II**

(Declaration of Invalidity of the '670 Patent)

33. Vevor restates and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

34. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity.

35. BAC claims to own all right title and interest in US Patent No. 7,845,670.

36. BAC has alleged to Amazon.com that Vevor's manual trailer dollies infringe the '670 patent.

37. A substantial, immediate, and real controversy therefore exists between Vevor and BLM whether the '670 patent is invalid under the provisions of 35 U.S.C. § 101 et seq, including as a result of anticipation and obviousness. A judicial declaration is necessary to determine the validity of the '670 patent.

38. Vevor seeks a judgment declaring that the '670 patent is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Vevor Technology, LLC and Shanghai Sishun E-Commerce Co., Ltd. (collectively, "Vevor") pray for the Court to enter judgment and provide relief as follows:

(a) declare that Vevor's manual trailer dolly products identified above do not infringe U.S. Pat. No. 7,845,670;

(b) declare that the '670 patent is invalid;

(c) enter judgment in favor of Vevor and against BAC Industires, Inc. on each of Vevor's claims;

(d) declare this case exceptional under 35 U.S.C. § 285 and 15 U.S. Code § 1117(a);

(e) award Vevor its costs and attorneys' fees in connection with this action;

11
COMPLAINT FOR DECLARATORY JUDGMENT

and

(e) such further and additional relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury.

Dated: March 18, 2026                    CROSS-BORDER COUNSELOR, LLP


                                          /s/ Alan E. Engle

                                         Alan E. Engle (SBN 224779)
                                         aengle@meenlegal.com
                                         Benjamin Stolter (SBN 269388)
                                         bsolter@cbcousnelor.com
                                         Chunbaixue "Jessie" Yang
                                         (SBN 348267)
                                         jessie.yang@cbcounselor.com
                                         Cross-Border Counselor, LLP
                                         1115 Seal Way
                                         Seal Beach, CA 90740
                                         Telephone: (310) 428-6985

                                         Attorneys for Plaintiffs, VEVOR
                                         TECHNOLOGY LLC and
                                         SHANGHAI SISHUN E-
                                         COMMERCE CO., LTD.

COMPLAINT FOR DECLARATORY JUDGMENT